Jones v. Lowe                                                                                          Doc. 7

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN H. JONES, | ) |
| Plaintiff, | ) Civil Action No. 7:06-cv-00074 |
| v. | ) MEMORANDUM OPINION |
| DONNIE LOWE, | ) By: Hon. James C. Turk |
| Defendants. | ) Senior United States District Judge |

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Jones alleges that the defendant and various organizations are depriving him of pension, Social Security, and Black Lung benefit monies to which he is entitled.[1] Jones also applies to proceed in forma pauperis. Upon review of court records, the court concludes that Jones' complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00 filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. See Jones v. Hadley, Civil Action No. 98-0066-R (W.D. Va.

---

[1] Jones also attaches to his complaint ten (10) subpoena duces tecum forms addressed to organizations who may have records related to his claims. Because the court dismisses this civil action under § 1915(g) and because Jones has not paid the necessary fees for serving subpoenas, the court will not process the subpoenas.

1

Dockets.Justia.com

1998). Clearly, the allegations summarized above do not present the slightest indication that defendant's actions place Jones in imminent danger of any physical harm whatsoever.

Inasmuch as the court has not received prepayment of the filing fee for this action and as Jones does not allege any facts in this complaint suggesting that he is in imminent danger of physical or irreparable harm, the court will summarily dismiss this action without prejudice, pursuant to §1915(g). An appropriate order shall be issued this day.

ENTER: This ___ day of February, 2006.

/s/ James C. Turk
Senior United States District Judge